UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Brenda Ray Barthel,

             Plaintiff,

vs.                             REPORT AND RECOMMENDATION

Lake of the Woods
Police Department,

             Defendant.          Civ. No. 10-285 (JRT/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction.

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff Brenda Ray Barthel for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2. For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that the action be summarily dismissed for failure to state a claim upon which relief can be granted, and for lack of prosecution.

## II. Factual and Procedural Background.

The Plaintiff commenced this action on February 1, 2010, by filing a Complaint with the Clerk of Court. See, Complaint, Docket No. 1. Rather than pay the $350.00 filing fee that is required for the filing of a civil action in Federal Court, the Plaintiff filed an IFP Application. See, Docket No. 2. In our initial review of the Plaintiff's submissions, we found that the Plaintiff's IFP Application could not be granted because her Complaint did not state a claim upon which relief could be granted. See, Order of February 25, 2010, Docket No. 3. Rather than dismiss her Complaint at that time, however, we granted the Plaintiff an opportunity to file an Amended Complaint so as to cure the elemental pleading defects we had identified in her Complaint.

In so doing, we advised the Plaintiff as follows:

> If the Plaintiff elects to file an Amended Complaint, she must do so by **March 29, 2010.** If the Plaintiff does not file an Amended Complaint within the time allowed, it will be recommended that this action be dismissed without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Id. at pp. 5-6 of 6.

This deadline has since passed, and the Plaintiff has not filed an Amended Complaint, or otherwise responded to our Order of February 25, 2010.

III. Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim upon which relief can be granted. See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). To state an actionable claim for relief, a Complaint must allege a set of historical facts which, if proven true, would entitle the complainant to some legal redress against the named defendants, based on a settled legal principle or doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980), citing Nickens v. White, 536 F.2d 802, 803 (8th Cir. 1976), and Ellingburg v. King, 490 F.2d 1270 (8th Cir. 1974).

Here, we find that, even with the benefit of the most indulgent of constructions, see, Atkinson v. Bohn, supra at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Plaintiff's Complaint fails to state an actionable claim. First, as we advised in our previous Order, the Plaintiff has failed to satisfy the basic pleading requirements for a civil Complaint, as prescribed by Rules 8 through 11, Federal Rules of Civil Procedure. Most importantly, the Plaintiff's Complaint does not specifically

identify the purported basis for Federal Subject Matter Jurisdiction, as required by Rule 8(a)(1), and it does not set forth the factual and the legal bases for the Plaintiff's claims simply and concisely, and in separate, serially numbered paragraphs, as required by Rules 8(a)(2), 8(d)(1), and 10(b). Indeed, the Complaint contains little more than a list of incomprehensible legal references. Based upon those unintelligible references, the Court is unable to discern exactly what the Plaintiff's legal theories are, or whether they would establish Federal Subject Matter Jurisdiction over this action.

Furthermore, the Plaintiff has not adequately described what each of the intended Defendants actually did, or failed to do, and she has not adequately explained how each intended Defendant's alleged acts or omissions purportedly violated her rights under Federal or State law. See, <u>Stone v. Harry</u>, 364 F.3d 912, 915 (8th Cir. 2004)(Federal Courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."). As we previously advised the Plaintiff, we were unable to ascertain exactly who she is attempting to sue. The Plaintiff has included two (2) captions to her Complaint -- each naming a different Defendant. In addition, while the Plaintiff makes numerous references to an "Officer Daryl Fish" ("Fish"), she does not mention either of the two

(2) named Defendants in the body of her Complaint. As we noted in our previous Order, it appears that the Plaintiff is displeased with the acts or omissions of Fish, but the Complaint does not contain any understandable description of any alleged wrongful acts or omissions by Fish, nor does it suggest that either of the named Defendants should be liable for whatever Fish may have done or failed to do.

For these reasons, we find that, even with the liberal construction that is required in pro se cases, the Plaintiff's Complaint does not satisfy basic Federal pleading requirements, and does not state an actionable claim for relief. We have previously afforded the Plaintiff an opportunity to file an Amended Complaint, and we forewarned her of the potential consequences for failing to cure the defects in her initial pleading. However, she has failed to file an Amended Complaint, or otherwise respond to our Order. Accordingly, we recommend that this action be summarily dismissed, without prejudice, for failure to plead a claim upon which relief can be granted, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii), and for lack of prosecution.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Application to Proceed <u>in forma pauperis</u> [Docket No. 2] be denied, as moot.

2. That this action be summarily dismissed, without prejudice, for failure to state a claim upon which relief can be granted, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii), and for lack of prosecution.

Dated: April 12, 2010            *s/Raymond L. Erickson*
                                            Raymond L. Erickson
                                            CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 26, 2010**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than April 26, 2010**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.